UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>RAMANDEEP BANSAL d/b/a UP 'N SMOKE,<br><br>　　　　　　Defendant. | Case No.　1:23-cv-00283-ADA-EPG<br><br>ORDER SETTING DEADLINE RE: DEFAULT JUDGMENT<br><br>(ECF No. 16) |

　　　　Plaintiff filed this action on February 26, 2023, alleging, among other things, that Defendant infringed on its trademark. (ECF No. 1). On May 24, 2023, Plaintiff filed an amended complaint. After Defendant failed to appear, Plaintiff obtained a clerk's entry of default under Federal Rule of Civil Procedure 55(a). (ECF Nos. 14, 16).

　　　　Given the Clerk's entry of default, the Court will set a deadline for Plaintiff to move for default judgment under Rule 55(b)(2).[1] Additionally, the Court advises Plaintiff of the following basic requirements for a motion for default judgment.[2]

　　　　The motion must establish proper service on Defendant and the Court's jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its

---

[1] Alternatively, if Plaintiff believes a default judgment by the Clerk is appropriate under Rule 55(b)(1), Plaintiff may file such a request.

[2] This order does not purport to advise Plaintiff of all requirements that may be applicable to a motion for default judgment.

1

jurisdiction over both the subject matter and the parties."); *see S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process."). The motion must address the relevant factors regarding default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (noting seven factors that courts may consider before exercising discretion to enter default judgment). And the motion must support any requested relief, including attorney fees, costs, and prejudgment interest. *See In re Ferrell*, 539 F.3d 1186, 1192 (9th Cir. 2008) (noting party seeking attorney fees and costs must specify basis for such award); *Schneider v. Cnty. of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002) ("Whether prejudgment interest is permitted in a particular case is a matter of statutory interpretation, federal common law, and, in some instances, state law."); Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

Accordingly, IT IS ORDERED as follows:

1. Plaintiff has until August 14, 2023, to move for default judgment against Defendant.
2. Plaintiff's motion for default judgment shall provide developed argument, including specific citation to the record and relevant legal authority, in addressing the requirements discussed above and any other applicable requirements. *See* Fed. R. Civ. P. 7(b)(1)(B) (noting that motions must "state with particularity the grounds for seeking the order).

IT IS SO ORDERED.

Dated: **July 13, 2023**             /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE